Steven E. THOMAS, Plaintiff,

v.

Gordon N. ZELEZ, et al., Defendants.

No. 87–3166.

United States District Court,
D. Kansas.

Feb. 5, 1990.

Steven E. Thomas, Ft. Leavenworth, Kan., pro se.

Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff filed this civil rights complaint pursuant to 28 U.S.C. § 1331 in 1987 while an inmate at the United States Disciplinary Barracks at Fort Leavenworth, Kansas (USDB). In his complaint, plaintiff claims his constitutional rights were violated by a reduction in his custody level during an investigation conducted at USDB. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

Having reviewed the materials filed in this case, the court finds the arguments advanced by plaintiff are without merit and concludes the relief sought by plaintiff must be denied.

*Motion For Summary Judgment*

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Factual Background*

Plaintiff began his term of confinement at the USDB in 1981. In January 1987, counselors at that facility noted an atmosphere of increasing racial tension in 7-wing, a medium custody area in which plaintiff was housed. Upon becoming aware of this, the Director of Custody, Defendant Gerald Gasko, ordered defendant Edward Lewis, then First Lieutenant in command of the Military Police Investigations Section, to conduct an investigation. Lewis' inquiry disclosed that a group of white inmates espousing white supremacy had begun to harass black inmates with obscenities and threats. Plaintiff was identified as a leader in this supremacist group. At Gasko's direction, plaintiff and two other white inmates were moved on January 16, 1987, from medium security into a maximum security area and placed on "Administrative Segregation Pending Investigation" (ASPI) status.

The investigation subsequently ended in a determination that there was insufficient evidence to conduct a disciplinary proceeding. Accordingly, the USDB Commandant, Defendant Zelez, convened a Custody Reduction Board (CRB) to determine whether plaintiff could be returned to medium security. Plaintiff appeared before the CRB on February 12, 1987, and was recommended for continued incarceration in the maximum security wing. Due to irregular-

ities in the composition of the CRB, the finding of that body was nullified on May 8, 1987. The records of the CRB proceeding were removed from plaintiff's file at that time, and plaintiff was returned to medium custody in general population.

## Discussion

### *Placement in Administrative Segregation*

■ The court rejects plaintiff's claim that he was deprived of due process while housed in maximum custody. In *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1982), the United States Supreme Court held the due process clause does not itself create a liberty interest in remaining free from administrative segregation. The Court explained:

> It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. The phrase "administrative segregation" as used by the state authorities here, appears to be something of a catchall: it may be used to protect the prisoner's safety, to protect other inmates from a particular prisoner, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. [Citations omitted] Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.

*Hewitt,* 459 U.S. at 468, 103 S.Ct. at 869.

The Court further found that a state may create a protected liberty interest through regulations that condition administrative segregation on the occurrence of specified circumstances and that couch these terms in mandatory language. *Id.* at 472, 103 S.Ct. at 871. When such an interest is created, due process requires that an inmate housed in administrative segregation "merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *Id.* at 476, 103 S.Ct. at 874.

Having reviewed the record in this case, this court concludes that it need not determine in this case whether a protected liberty interest is created by Army Regulation 190–47, which sets forth the criteria for placement in administrative segregation. It is apparent that plaintiff was advised of the charges against him on January 22, 1987, shortly after he was placed in segregation, and that he gave a statement to an investigator on that date. Accordingly, plaintiff received the full benefit of due process rights, and this court need look no further. Plaintiff's claim is without merit.

### *Loss of privileges*

■ Plaintiff contends he suffered a "grievous loss" as a result of his confinement in the segregation unit. Plaintiff specifically identifies as injuries the loss of good time abatement, a reduction in his skill level, and the lack of opportunity to participate in various activities. For the reasons set forth, the court rejects these claims.

First, plaintiff claims he suffered a loss of good time abatement. However, the record before the court reveals that plaintiff lost no abatement at the Custody Reduction Board in February 1987.

Next, plaintiff asserts his skill level was reduced as a result of his segregation. This rating identifies the type of labor plaintiff may perform within the prison industries system. The record shows that at the time the Custody Review Board was convened, plaintiff was classified as an unskilled worker. Plaintiff does not allege that his classification was reduced below this. Therefore, this argument fails.

■ Finally, plaintiff claims he was injured as he was unable to participate in his college program and in religious services while housed in segregation. There is no constitutional requirement that prisons provide activities for segregated inmates. *Hoptowit v. Ray,* 682 F.2d 1237 (9th Cir. 1982), *appeal after remand* 753 F.2d 779 (9th Cir.1985); *Toussaint v. McCarthy,* 597 F.Supp. 1388 (N.D.Cal.1984). Moreover, there is strong evidence in the record that defendants provide access to clergy for

segregated inmates. There is no evidence, however, that plaintiff availed himself of this service.

*Composition and decision of Custody Reduction Board*

 The court next addresses plaintiff's argument that the Custody Reduction Board (CRB) which reviewed the allegations of misconduct in February 1987 was improperly composed and that its decision was arbitrary. Defendants concede that the CRB was improperly composed. The record shows that the decision of that body was nullified in May 1987, and all pertinent records were removed from plaintiff's file. The court finds that this action adequately cured any defects in the CRB proceeding and concludes that no claim is stated.

*Right to Redress*

Plaintiff argues his right to equal protection was violated by defendants' failure to act upon his request for administrative relief. Prior to filing this action, plaintiff sought redress under Article 138 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 938. This request was rejected as relief under that provision is available only to members of the armed forces. Plaintiff was dishonorably discharged from the United States Army in 1983 and is clearly outside the purview of Article 138. .

It is well settled that equal protection does not require absolute equality or precisely equal advantages. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 24, 93 S.Ct. 1278, 1291, 36 L.Ed.2d 16 (1973). Instead, the Government may make distinctions among those similarly situated "unless constitutionally suspect classifications like race, religion, or national origin are utilized or unless there is an encroachment on fundamental constitutional rights. The only requirement is that reasonable grounds exist for the classification used." *United States v. Means*, 10 M.J. 162, 165 (C.M.A.1981).

Reviewing plaintiff's claim in light of these standards, the court concludes no equal protection claim is stated. Neither a suspect classification nor a fundamental right is implicated here, and the reservation of an intramilitary grievance process to members of the armed forces is reasonable. Plaintiff obviously may seek redress though a civil action and is not deprived of a remedy by the limited scope of Article 138.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that this action is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to plaintiff and to the office of the United States Attorney.